UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

-------------------------------------------------------------------------x

Kimberly Jones,

            Plaintiff,                            C.A. No.: 1:24-cv-815

    -against-                                    **DEMAND FOR JURY TRIAL**

Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
Hyundai Capital America, Inc. a/k/a
Hyundai Motor Finance,

            Defendant(s).

-------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Kimberly Jones ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian"), and Defendant Hyundai Capital America, Inc. a/k/a Hyundai Motor Finance ("Hyundai") respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Texas, County of Travis.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of Texas and may be served with process upon the Corporation Service Company, its registered agent for service of process at 211 E 7th St Ste 620 Austin, TX 78701-3218.

7. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio corporation registered to do business in the State of Texas and may be served with process upon the C T Corporation System, its registered agent for service of process at 1999 Bryan St Ste 900 Dallas, TX 75201-3140.

10. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Hyundai is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and may be served with process upon the National Registered Agents, Inc., its registered agent for service of process at 1999 Bryan St Ste 900, Dallas, Texas 75201-3140.

**FACTUAL ALLEGATIONS**

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

14. This Complaint pertains to Hyundai account with account number of 202204************908 ("Account").

15. Plaintiff opened the Account with Hyundai on or around April 2022.

16. Plaintiff made timely payments each month.

17. On or around April 2023, the vehicle was involved in an accident and was totaled.

18. Plaintiff continued to make her monthly payments while simultaneously submitting claims to her insurance company for assistance.

19. Plaintiff received a "payoff statement as of the date of loss" with a balance of $43,296.16.

3

20. Plaintiff filed a claim with her Auto Insurance "Auto Club County Mutual Insurance Company" ("AAA").

21. On or around March 18, 2023, AAA declared the vehicle a total loss and guaranteed a payment in the amount of $27,383.13 toward the loss.

22. On April 10, 2023, AAA issued and sent the payment check to Hyundai.

23. Plaintiff submitted an additional claim to her GAP Insurance.

24. On May 25, 2023, GAP Insurance approved and paid Hyundai $13,351.99

25. In September 2023, Plaintiff made two final payments one in the amount of $827.11 and another in the amount of $79.71.

26. Plaintiff received a letter from Hyundai Finance dated September 14, 2023, stating that the final payments were received and confirmed "At this time, your account status is paid in full and closed".

27. Despite receiving a letter from Hyundai that the Account was paid in full and closed, Experian and Equifax are still reporting the Account as a charged-off Account.

## Hyundai Dispute and Violation

28. Upon information and belief, on a date better known to Equifax and Experian ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information.

29. The inaccurate information furnished by Hyundai and published by the Bureaus is inaccurate since the Account is listed as a charge-off with an open balance of $906.

30. It is materially misleading to mark Plaintiff's Account as a charge-off with an outstanding balance when in fact Plaintiff made all her payments to satisfy the amount she owed in full in a timely manner.

31. By marking Plaintiff's Account as a charge-off, Defendants give the false impression to potential lenders that Plaintiff was irresponsible in making her payments.

32. Experian lists the Account as a "charge-off" with an open balance in the amount of $906.

33. Equifax lists the Account as a paid charge-off.

34. Transunion does not list any derogatory notation on this Account further proving that Plaintiff paid her obligation in full.

35. A charge-off is considered the most serious delinquency in the credit reporting world.

36. Plaintiff disputed the Account with the Equifax with a dispute letter dated September 19, 2023.

37. Plaintiff disputed the Account with the Experian with a dispute letter dated September 20, 2023.

38. In her dispute, she explained why the Account should not be listed as a charge-off.

39. Plaintiff also enclosed with her dispute her photo ID and letter from Hyundai confirming that the balance was paid in full, and the Account was closed.

40. Plaintiff did not receive a response from the Bureaus.

41. Upon information and belief, the Bureaus sent Hyundai notice of Plaintiff's dispute.

42. Upon receipt of Plaintiff's Account dispute letters from the Bureaus, Hyundai failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the disputed Account.

43. Had Hyundai performed a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Hyundai that the Account was paid in full and closed per their own acknowledgment of the letter sent to Plaintiff which was included in the dispute package.

44. Despite Plaintiff's disputes that the information on her consumer reports was inaccurate with respect to the disputed Account, the Bureaus did not timely evaluate or consider any of the information or claims of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

45. Had the Bureaus performed a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the outstanding balance (for Experian) and charge-off status (for both Bureaus) were improperly listed.

46. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

47. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

48. Upon receipt of the disputes of the account from the Plaintiff, Hyundai failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

49. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

50. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

51. Plaintiff applied for personal loans in December 2023 and was denied each time.

52. The inaccurate late payment notation and listing the Account as a charge-off was a substantial factor contributing to Plaintiff's inability to qualify for any new credit.

53. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to the Bureaus)

54. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

55. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

56. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

57. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

58. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

59. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

60. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Kimberly Jones, an individual, demands judgement in her favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to the Bureaus)

61. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

62. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

63. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

64. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

    h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

65. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

66. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

67. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Kimberly Jones, an individual, demands judgement in her favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Hyundai)

68. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

69. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

70. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

71. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

72. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

73. Hyundai violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

74. As a result of the conduct, action and inaction of Hyundai, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

75. The conduct, action and inaction of Hyundai was willful, rendering Hyundai liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

76. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Hyundai in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Kimberly Jones, an individual demands judgement in her favor against Hyundai in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Hyundai)**

77. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

78. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

79. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

80. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

81. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

82. Hyundai is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

83. After receiving the Dispute Notice from the Bureaus, Hyundai negligently failed to conduct its reinvestigation in good faith.

84. A reasonable investigation would require a furnisher such as Hyundai to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

85. The conduct, action and inaction of Hyundai was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

86. As a result of the conduct, action and inaction of Hyundai Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

87. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Hyundai in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Kimberly Jones, an individual, demands judgement in her favor against Hyundai for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## **DEMAND FOR TRIAL BY JURY**

88. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: July 22, 2024                                  Respectfully Submitted,

/s/ *Yaakov Saks*
**Stein Saks, PLLC**
By: Yaakov Saks
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
ysaks@steinsakslegal.com